IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FURNACE BROOK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-cv-4310 |
| | ) | Hon. Virginia M. Kendall |
| AÉROPOSTALE, INC., BOSTON PROPER, INC., DICK'S SPORTING GOODS, INC., HICKORY FARMS, INC., LEVI STRAUSS & COMPANY, NIKE, INC., and THOMAS VILLE FURNITURE INDUSTRIES, INC. | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

*239,858,953*

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. BACKGROUND .................................................................................................................... 1

    A. PRIOR CASE: *Furnace Brook, LLC v. Overstock.com, Inc.* ................................. 1

    B. CURRENT CASE: *Furnace Brook v. Aéropostale, Inc., et al.* ............................... 3

III. LEGAL STANDARDS ........................................................................................................ 4

    A. SUMMARY JUDGMENT ............................................................................................ 4

    B. COLLATERAL ESTOPPEL ........................................................................................ 4

    C. PATENT INFRINGEMENT ........................................................................................ 6

IV. COLLATERAL ESTOPPEL BARS PLAINTIFF'S INFRINGEMENT ARGUMENT .......................................................................................................................... 6

    A. Collateral Estoppel Applies To Plaintiff ........................................................ 6

        1. PLAINTIFF WAS A PARTY TO THE *OVERSTOCK.COM* PROCEEDING ......................................................................................... 7

        2. THE ISSUES OF CLAIM CONSTRUCTION AND INFRINGEMENT WERE ACTUALLY LITIGATED AND DECIDED IN *OVERSTOCK.COM* ................................................................................... 8

        3. THE RESOLUTION OF THE CLAIM CONSTRUCTION AND INFRINGEMENT ISSUES WERE NECESSARY TO THE FINDING OF NON-INFRINGEMENT IN *OVERSTOCK.COM* ......................................... 11

        4. THE ISSUES OF CLAIM CONSTRUCTION AND INFRINGEMENT IN *OVERSTOCK.COM* AND THIS CASE ARE IDENTICAL .............................. 12

    B. Plaintiff Cannot Prove Infringement ........................................................ 12

        1. CLAIM INTERPRETATION ................................................................ 13

        2. THE MOVANTS' PRODUCTS OR PROCESSES ............................................. 14

V. CONCLUSION: SUMMARY JUDGMENT FOR MOVANTS IS APPROPRIATE ................................................................................................................................. 15


# TABLE OF AUTHORITIES

## Cases

*American Needle, Inc. v. National Football League*, 538 F.3d 736, 741 .......... 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) .......... 4

*Cont'l Can Co. v. Marshall of the Cont'l Group*, 603 F.2d 590, 596 .......... 5

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 .......... 6

*Furnace Brook*, 230 Fed. Appx. 984, 986 .......... 2

*Gilldorn Sav. Ass'n. v. Commerce Sav. Ass'n.*, 804 F.2d 390, 392 .......... 5

*Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1387 .......... 4

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1302 .......... 6

*Montana v. U.S.*, 440 U.S. 147, 153 (1979) .......... 5

*Oak Tech., Inc. v. ITC*, 248 F.3d 1316, 1331 .......... 6

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 .......... 9

*Springer v. Durflinger*, 518 F.3d 479, 483 .......... 4

*Stumbo v. Eastman Outdoors, Inc.* 508 F.3d 1358, 1361 .......... 6

*Wahpeton Canvas Co v. Frontier, Inc.*, 870 F.2d 1546, 1553 .......... 6

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) .......... 6

*Yamaha Corp. of Am. v. U.S.*, 961 F.2d 245, 254 .......... 5

*Zip Dee, Inc. v. Dometic Corp.*, 905 F. Supp. 535, 538 .......... 5

I.  **INTRODUCTION**

Defendants Aéropostale, Inc., Boston Proper, Inc., Dick's Sporting Goods, Inc., Hickory Farms Inc, NIKE, Inc., Thomasville Furniture Industries, Inc., and Levi Strauss & Company (each individually a "Movant" and collectively the "Movants") jointly cross-move for summary judgment against Plaintiff, Furnace Brook, LLC ("Plaintiff" or "Furnace Brook"), and oppose its motion for summary judgment.

II. **BACKGROUND**

A.  **PRIOR CASE:** *Furnace Brook, LLC v. Overstock.com, Inc.*

Over two years ago, the Court of Appeals for the Federal Circuit affirmed the Southern District of New York in denying Plaintiff's attempt to enforce the '832 patent, the very same patent it asserts here, against another e-commerce website operator, Overstock.com.[1] (L.R. 56.1 Stmt. ¶¶ 12-13.) The Federal Circuit confirmed the lower court ruling that the '832 patent, which was filed in 1995 and which does not even contain the words "internet" or "website," could not be read to cover modern e-commerce websites. Yet now comes Furnace Brook again, attempting to resuscitate its patent for assertion against a host of websites similar to those of past defendant Overstock. Furnace Brook's latest action is grounded on an erroneous interpretation of the Federal Circuit's decision, which decision is clear on its face in holding the '832 patent to a scope so narrow as to make it impossible to read on modern websites such as Movants', or on the modern devices used by customers to access those websites.

Critical to the Federal Circuit's decision affirming the district court's ruling of non-infringement was the construction of a key claim term, "telephone terminal," present in the claims asserted in the instant action. (*Id.* ¶¶ 29-30.) In interpreting "telephone terminal," the

---

[1] *Furnace Brook, LLC v. Overstock.com, Inc.*, 230 Fed. Appx. 984 (Fed. Cir. 2007) ("*Overstock.com*") (Federal Circuit Opinion submitted herewith as Exh. A, District Court Opinion submitted herewith as Exh. B).

*239,858,953*                                                       1

district court concluded that "neither a cellular telephone nor a computer on the customer end is claimed by the '832 Patent." (*Id.* ¶ 14.) Consequently, Plaintiff conceded that it could not support a claim of literal infringement. (*Id.* ¶¶16, 23.) In addition, the court barred Plaintiff from claiming infringement based on the doctrine of equivalents under the doctrine of prosecution history estoppel because the "inventors specifically disavowed" construing the patent to include computer access. (*Id.* ¶ 17.).

The Federal Circuit affirmed the district court's finding of non-infringement by Overstock.com, and held that the claim term "telephone terminal" "refers to a device for communicating over a telephone network" that "<u>requires a dial-up connection to the catalog server at the other end of the connection</u>." *Furnace Brook,* 230 Fed. Appx. 984, 986 (Fed. Cir. 2007) (emphasis added). The Federal Circuit affirmed the judgment of non-infringement using language that could not be plainer:

> The District Court held that the "telephone terminal" and "customer terminal means"[2] limitations of claims 1 and 5 of the asserted patent *U.S. Patent No. 5,721,832 (the '832 patent)*, do not read on the accused structures - personal computers and cellular telephones to the extent they access Overstock's website over the Internet. We *affirm*.

*Id.* (emphasis in original) (footnote added).

The Federal Circuit held that to be a "telephone terminal," a customer device must dial the accused computer system directly; and further expounded that "[t]he record contains no evidence that the personal computers or cellular telephones of Overstock's customers place such a call when accessing Overstock's website <u>over the Internet</u>." *Id.* at 987 (emphasis added). Because Overstock.com's website could not be accessed through a direct dial-up connection between the customer and its servers, the Federal Circuit held that the personal computers or

---

[2] The claim term "customer terminal means" is not at issue in this case as Plaintiff is not asserting claims 5 – 10, which include this element. (L.R. 56.1 Stmt. ¶ 20.)

2

cellular telephones of Overstock's customers did not meet met the "telephone terminal" claim limitation, and such devices "fell outside of the claim 1 limitation." *Id.*

Additionally, the Federal Circuit held that the evidence submitted by Plaintiff to support its arguments of infringement under the doctrine of equivalents was not "sufficient to create a genuine issue of material fact" as to infringement under the doctrine of equivalents, and upheld the district court on that ground as well. *Id.*

### B. CURRENT CASE: *Furnace Brook v. Aéropostale, Inc., et al.*

Despite the rulings by the district court and Federal Circuit in the *Overstock* case, and in an attempt to resuscitate its patent, Plaintiff brings suit once more against a host of websites which, like Overstock.com's website, cannot be accessed through a direct dial-up connection between their respective customers and servers. In responding to counterclaims filed by certain Movants in this action, Plaintiff admitted to previously having a full and fair opportunity to litigate the construction of the claim term "telephone terminal," as well as any equivalents thereto. (L.R. 56.1 Stmt. ¶ 21.) Furnace Brook has further specifically admitted that it is collaterally estopped from re-litigating whether a computer literally satisfies the "telephone terminal" limitation under an infringement analysis. (L.R. 56.1 Stmt. ¶ 34.)

With regard to Furnace Brook's summary judgment motion, arguments regarding the "selective communication link" claim limitation are simply a red herring. Regardless of whether Furnace Brook is collaterally estopped from making arguments as to the construction and infringement of that claim limitation, Furnace Brook cannot succeed on its infringement claims unless it can prove that Movants meet each and every limitation of the asserted patent claims. *See infra* Section III.C.

As detailed herein, Movants do not practice the claim limitation "telephone terminal" under the Federal Circuit's construction, literally or equivalently. Furnace Brook's arguments as to the "selective communication link" claim limitation are irrelevant. As a result, summary judgment should be granted in favor of Movants and against Plaintiff pursuant to Fed. R. Civ. P. 56.

### III. LEGAL STANDARDS

#### A. SUMMARY JUDGMENT

Summary judgment "shall be rendered" when the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2007). The movant has the burden of establishing the lack of a genuine issue of material fact, and the evidence is construed in a light most favorable to the non-moving party. *American Needle, Inc. v. National Football League*, 538 F.3d 736, 741 (7th Cir. 2008). The mere existence of some factual dispute is insufficient to withstand a summary judgment motion; instead the non-moving party must present material evidence rebutting the summary judgment motion. *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1387 (Fed. Cir. 1992) (patentee's subjective interpretation of a term different from its ordinary meaning will not create a genuine issue of material fact).

#### B. COLLATERAL ESTOPPEL

According to the Supreme Court, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440

4

U.S. 147, 153 (1979). The doctrine of collateral estoppel was developed to prevent a party "from contesting matters that they have had a full and fair opportunity to litigate" and to protect "their adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153 – 154.

The Seventh Circuit utilizes a four-part test for the application of collateral estoppel: "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Gilldorn Sav. Ass'n. v. Commerce Sav. Ass'n.*, 804 F.2d 390, 392 (7th Cir. 1986).

"The requirement of collateral estoppel that the issue be 'actually litigated' does not require that the issue be thoroughly litigated. Collateral estoppel may apply 'no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collaterally concluded.'" *Cont'l Can Co. v. Marshall of the Cont'l Group*, 603 F.2d 590, 596 (7th Cir. 1979) (quoting 1B Moore's Federal Practice P. 0.441(2) at 3778 (2d ed. 1974)). This is so despite any "imbalance in the quantity of evidence introduced. Any other result would permit a litigant to avoid the conclusive effect of collateral estoppel, by design or by inadvertence, by denoting as irrelevant an issue clearly raised by his opponent and by refusing to introduce evidence on the issue." *Id.*

Furthermore, if a party fails to introduce evidence properly in a prior litigation, it is precluded from relitigating its rights on the same issue in a future litigation based on the "new" evidence. *Yamaha Corp. of Am. v. U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992), *quoted with approval in Zip Dee, Inc. v. Dometic Corp.*, 905 F. Supp. 535, 538 (finding collateral estoppel).

5

C. **PATENT INFRINGEMENT**

A patent infringement analysis is a two-step process. *Stumbo v. Eastman Outdoors, Inc.* 508 F.3d 1358, 1361 (Fed. Cir. 2007). First, it is necessary that the Court construe the meaning and scope of the disputed terms or phrases in the asserted claims as a matter of law. *Id.* Second, the claim as construed is compared to the allegedly infringing product or process. *Id.*

To sustain an allegation of patent infringement, the plaintiff must show that each claim limitation of the asserted claims are present in the accused product or process, either literally or equivalently. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). Literal infringement occurs when the accused device or process includes each and every element and limitation of the patent claim as properly construed. *Id.* Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). To succeed on a claim under the doctrine of equivalents, the patentee must show that the accused product or process is insubstantially different from the patent claims. *See Oak Tech., Inc. v. ITC*, 248 F.3d 1316, 1331 (Fed. Cir. 2001). Furthermore, "dependent claims cannot be found infringed unless the claims from which they depend have been found to be infringed." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1302 (Fed. Cir. 2002) (quoting *Wahpeton Canvas Co v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989)).

IV. **COLLATERAL ESTOPPEL BARS PLAINTIFF'S INFRINGEMENT ARGUMENT**

A. **Collateral Estoppel Applies To Plaintiff**

The doctrine of collateral estoppel applies in this case because Plaintiff was a party to the *Overstock.com* proceeding, the issues of claim construction and infringement of claim term "telephone terminal" were actually litigated and decided in *Overstock.com*, resolution of the claim construction and infringement were necessary to the finding of non-infringement in *Overstock.com*, and the issues of claim construction and infringement in *Overstock.com* and this case are identical.[3] Indeed, Furnace Brook has admitted the first prong of the analysis, that it was a party to the *Overstock.com* action. (L.R.56.1 Stmt., ¶ 21). Furnace Brook has also generally conceded the third prong of the analysis, admitting that [t]he district court's claim construction determination was essential to the final judgment" in *Overstock.com*, and that "[t]he court's determination that neither a computer nor a cellular phone satisfied the claim limitation of 'telephone terminal' either literally or under the doctrine of equivalents was essential to the final judgment" in *Overstock.com*. (L.R. 56.1 Stmt., ¶¶ 32-33). Furnace Brook has further admitted specifically that "[c]ollateral estoppel precludes Plaintiff in this case from re-litigating whether a computer literally satisfies the 'telephone terminal' limitation." (L.R. 56.1 Stmt., ¶¶ 38).

### 1. PLAINTIFF WAS A PARTY TO THE *OVERSTOCK.COM* PROCEEDING

Plaintiff admitted in its pleadings in this matter that it previously asserted the '832 patent in the U.S. District Court for the Southern District of New York in the case of *Furnace Brook LLC v. Overstock.com* (Civ. Action No. 7:05-cv-7329-CLB). (L.R. 56.1 Stmt. ¶ 13.) Plaintiff also admitted that it alleged infringement of the '832 patent both literally and under the doctrine

---

[3] Underlying Movants' collateral estoppel argument is the principle of *stare decisis*, which provides that once the Federal Circuit has construed contested claim terms in a patent, the Federal Circuit's claim construction will be considered legal precedent in any subsequent actions involving that patent. *See Abbott Labs. v. Baxter Pharma. Prods.*, No. 01 C 1867, 2004 WL 2496459, *2 (N.D. Ill. Nov. 3, 2004); *see also, Phonometrics, Inc. v. Economy Inns of Am.*, 349 F.3d 1356, 1359-60 (Fed. Cir. 2003) (affirming award of sanctions when patentee attempted to argue for different claim construction in subsequent action after Federal Circuit had construed claim terms). Accordingly, Furnace Brook cannot now argue for an alternative construction of the claim term "telephone terminal", the construction of which has been fixed by the Federal Circuit.

7

of equivalents in *Overstock.com*. (*Id.*) Movants meet this prong of the collateral estoppel analysis.

### 2. THE ISSUES OF CLAIM CONSTRUCTION AND INFRINGEMENT WERE ACTUALLY LITIGATED AND DECIDED IN *OVERSTOCK.COM*

Plaintiff admitted that it had sufficient opportunity to address – and did in fact address – the issues of the construction of "telephone terminal" as well as whether that limitation was satisfied literally or under the doctrine of equivalents in *Overstock.com*. (L.R. 56.1 Stmt. ¶ 21.) Plaintiff also admitted that it actually litigated the issue of the construction of "telephone terminal" as well as whether that limitation was satisfied literally or under the doctrine of equivalents in *Overstock.com*. (*Id.* ¶ 22.) Indeed, Furnace Brook has specifically admitted that it is collaterally estopped from re-litigating whether a computer literally satisfies the "telephone terminal" limitation. (*Id.* ¶ 34). Plaintiff, however, justifies this present action on the theory that "the Federal Circuit affirmed the district court's finding of no infringement in light of a failure of proof regarding limitations other than 'telephone terminal,'" (Pltf.'s Resp. to Def. Nike's Countercl., ¶31), and that this somehow gives Plaintiff a second bite at the apple. Plaintiff is wrong.

Furnace Brook makes two arguments in its attempt to avoid the reality that collateral estoppel bars its claims in this action. (1) Furnace Brook contends that the Federal Circuit found that personal computers and cellular telephones could be "telephone terminals;" and (2) that the Federal Circuit ruled on the term "selective communications link" which Furnace Brook claims it did not have an opportunity to actually litigate. Both arguments fail.

First, the Federal Circuit affirmed the District Court's claim construction of the "telephone terminal" limitation. In affirming, the Federal Circuit merely clarified the scope of the construction. The Federal Circuit unequivocally held that the term "telephone terminal" does not

cover personal computers and cellular telephones to the extent they access websites over the Internet. *Furnace Brook*, 230 Fed. Appx. at 986. The Federal Circuit further stated, as Furnace Brook points out, that a personal computer and cellular telephone could theoretically be a "telephone terminal" to the extent such devices are used to directly connect to the ordering system through a telephone communication network. *Id.* However, the only issue relevant to this matter, and the only infringement alleged by Furnace Brook, is whether Movants' "online ordering web sites" infringe the patent. (L.R. 56.1 Stmt. ¶ 12.) The Federal Circuit and the District Court have both held that such online Internet-based ordering web sites do not include "telephone terminals" as claimed in the '832 patent. The Federal Circuit's clarification of the "telephone terminal" construction had no bearing on this outcome.

Second, the Federal Circuit did not base its affirmance of non-infringement upon the "selective communications link" limitation as Furnace Brook contends. *See Furnace Brook*, 230 Fed. Appx. at 987. Instead, the Federal Circuit properly analyzed and considered the context of the language of claim 1 in which the "telephone terminal" limitation was being used. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005), *cert. denied*, 546 U.S. 1170 (2006) (explaining that "the context in which a term is used in the asserted claim can be highly instructive"). In doing so, the Federal Circuit found that the communication link must be established over a telephone network by dialing the computer directly and "[a]lthough a personal computer and a cellular telephone are capable of performing that function, those devices must actually be performing that function in order to be 'telephone terminals,' as that term is used in the '832 patent." *Furnace Brook*, 230 Fed. Appx. at 987 (emphasis added). The Federal Circuit's affirmance fell squarely on the "telephone terminal" limitation. Furnace Brook's argument that

it did not actually litigate the "selective communication link" is a red herring that should be disregarded.

The record is clear that Furnace Brook actually litigated both the construction and the non-infringement assertions of the only claim term relevant to the final judgment in the *Overstock.com* case, "telephone terminal." The Federal Circuit specifically pointed to expert evidence submitted by Plaintiff in *Overstock.com* on the question of equivalents of a "telephone terminal" in reaching the conclusion that "Furnace Brook has not introduced evidence sufficient to create a genuine issue of material fact as to that question." *Furnace Brook*, 230 Fed. Appx. at 987. In fact, Plaintiff admitted in this action that it "argued and presented its evidence to the district court that 'A computer and a Cellular Telephone are Equivalent to a 'Telephone Terminal' . . . ." (L.R. 56.1 Stmt. ¶ 25.) Plaintiff further admitted that it "represented to the district court that 'Furnace Brook [] has submitted herein substantial evidence of such equivalency [with respect to the doctrine of equivalence] in the form of supported expert opinion.'" (*Id.* ¶ 24.) Both the district court and the Federal Circuit found Plaintiff's arguments and evidence insufficient. (L.R. 56.1 Stmt. ¶¶ 17-19.)

Because an issue need not be "thoroughly litigated" to be "actually litigated," the above admissions are conclusive as to collateral estoppel. That Plaintiff may now wish to introduce "new" evidence to support its infringement case is irrelevant. Plaintiff's failure to properly introduce evidence in *Overstock.com* precludes Plaintiff from relitigating its rights on the same issue in this litigation based on this "new" evidence. Plaintiff cannot be permitted to expend judicial resources or undermine the conclusive resolution of the dispute as to the claim term

"telephone terminal" already addressed by both the Southern District of New York and the Federal Circuit.[4]

Movants have shown that the issues of claim construction and infringement of the claim term "telephone terminal" were actually litigated and decided with finality in *Overstock.com*, and have thus met the second prong of the collateral estoppel analysis.

### 3. THE RESOLUTION OF THE CLAIM CONSTRUCTION AND INFRINGEMENT ISSUES WERE NECESSARY TO THE FINDING OF NON-INFRINGEMENT IN *OVERSTOCK.COM*

As noted above, a patent infringement analysis is a two-step process. *Stumbo v. Eastman Outdoors, Inc.* 508 F.3d 1358, 1361 (Fed. Cir. 2007). First, it is necessary that the Court construe the meaning and scope of the disputed terms or phrases in the asserted claims as a matter of law. *Id.* Second, the claim as construed is compared to the allegedly infringing product or process. *Id.* As to the first step of the infringement analysis, viewed in light of the collateral estoppel analysis, Furnace Brook has admitted that "[t]he district court's claim construction determination was essential to the final judgment" in *Overstock.com*. (L.R. 56.1 Stmt. ¶ 32.) Implicit in this admission is that it was necessary for the Southern District of New York to construe, as it did, the disputed claim term "telephone terminal" before reaching the result that Overstock.com did not infringe the '832 patent.

As to the second step of the patent infringement analysis, it was necessary for the Southern District of New York to perform an infringement analysis, under both literal infringement and the doctrine of equivalents, to reach the result that Overstock.com did not infringe the '832 patent. Further Furnace Brook has admitted that "[t]he district court's

---

[4] Since the adverse Federal Circuit ruling in May 2007 in *Furnace Brook v. Overstock.com*, Plaintiff has asserted the '832 patent in four additional lawsuits filed before this Court, which were all terminated before any defendant answered. Plaintiff also asserted the '832 patent in four cases prior to the *Overstock.com* decision, three of which ended early in the proceedings, and one of which was dismissed for lack of personal jurisdiction.

11

determination that neither a computer nor a cellular phone satisfied the claim limitation of 'telephone terminal' either literally or under the doctrine of equivalents was essential to the final judgment" in *Overstock.com*. (L.R. 56.1 Stmt. ¶ 33.) Finally, it was necessary for the Federal Circuit to review both the claim construction and the infringement determinations to reach its affirmance: a final construction of the claim term "telephone terminal" and a final judgment that Overstock.com did not infringe the '832 patent either literally or under the doctrine of equivalents. Movants have met this third prong of the collateral estoppel analysis.

### 4. THE ISSUES OF CLAIM CONSTRUCTION AND INFRINGEMENT IN *OVERSTOCK.COM* AND THIS CASE ARE IDENTICAL

There can be no question that the issues of construction and infringement of the claim term "telephone terminal" are identical in the instant action and *Overstock.com*. As detailed above, Plaintiff admitted to litigating these issues in *Overstock.com*, and already disclosed that it will be urging this Court to adopt a construction of "telephone terminal" that was previously addressed in *Overstock.com*. (L.R. 56.1 Stmt. ¶¶ 22.) Since claim construction is a prerequisite to the infringement determination sought by Plaintiff, both issues were present in *Overstock.com* and are identical to the issues presented here. Movants have met this final prong of the collateral estoppel analysis.

### B. PLAINTIFF CANNOT PROVE INFRINGEMENT

Because of the district court's claim interpretation in *Overstock.com*, and the absence of the "telephone terminal" limitation in Movants' websites' functionality, Plaintiff cannot prove infringement of its '832 patent. As previously stated, in a patent infringement analysis, the court must construe the meaning and scope of the claims, and then compare the construed claim to the allegedly infringing product or process. This section will address each part of the analysis separately below.

1. **CLAIM INTERPRETATION**

Plaintiff asserts four claims of the '832 patent against Movants in this case.[5] (L.R. 56.1 Stmt. ¶ 12.) Of these, claim 1 is independent, and claims 2-4 depend from claim 1; if claim 1 is not infringed, claims 2-4 cannot be infringed either. *Minn. Mining & Mfg. Co*, 303 F.3d at 1302. The absence of even one limitation bars a finding of infringement. *See id.* at 1299 – 1302. Claim 1 states (with emphasis added):

> 1. An improved interactive computerized catalog process comprising the steps of:
>
> > storing digitized graphic catalog data in a selectively addressable computer system memory,
> >
> > generating a menu of catalog products and services comprising catalog data available for selective viewing at any user's telephone associated terminal screen,
> >
> > establishing a selective communication link initiated by a user between said user's <u>telephone terminal</u> and said computer system,
> >
> > transmitting said menu of catalog products and services data to a user's <u>telephone terminal</u> in response to a user's initial request,
> >
> > transmitting from said computer system such catalog data which corresponds to said user's product and services request signal,
> >
> > requesting user authorization to include data regarding an order transaction in a customer profile marketing data file,
> >
> > initiating an order processing sequence, including a user initiated financial payment authorization process, to permit a user to enter from a user <u>telephone terminal</u> an order to be processed and delivered in response to said user's order, and
> >
> > enabling a user when placing an order to selectively elect to be included in or to be excluded from said customer profile marketing data file created as part of a completed catalog product or services order transaction.

(L.R.56.1 Stmt., ¶ 13.)

---

[5] In its summary judgment memorandum, Plaintiff admitted that it is not asserting claims 5-10 of the '832 patent in this litigation. (L.R. 56.1 Stmt. ¶ 12.)

13

As discussed above, the district court interpreted "telephone terminal" to exclude personal computers and cellular telephones. (L.R.56.1 Stmt. ¶ 28.) In affirming the district court, the Federal Circuit stated that the claim term "telephone terminal" "refers to a device for communicating over a telephone network" that "<u>requires a dial-up connection to the catalog server at the other end of the connection</u>." *Furnace Brook*, 230 Fed. Appx. at 986 (emphasis added). It held that to be a "telephone terminal," a customer device must dial the accused computer system directly. *Id.* at 987. The Federal Circuit further expounded that "[t]he record contains no evidence" that the personal computers or cellular telephones of Overstock's customers met the "telephone terminal" claim limitation, and such devices "fell outside of the claim 1 limitation." *Id.* at 987. Furnace Brook has now admitted that it is precluded by the doctrine of collateral estoppel from re-litigating whether a computer literally satisfies the "telephone terminal" claim limitation. (L.R.56.1 Stmt. ¶ 34.). The Federal Circuit further held that the evidence submitted by Plaintiff to support its arguments of infringement under the doctrine of equivalents was not "sufficient to create a genuine issue of material fact" as to infringement under the doctrine of equivalents, and upheld the district court on that ground as well. *Furnace Brook*, 230 Fed. Appx. at 987.[6]

### 2. THE MOVANTS' PRODUCTS OR PROCESSES

Movants' web stores on their respective websites are all hosted and maintained either by Movants or vendors. (L.R.56.1 Stmt. ¶ 35-36.) Despite the difference in what entity hosts each of Movants' web stores, the Movants' web stores operate identically with respect to the claims at issue in that none are accessible directly through a dial-up connection. (L.R.56.1 Stmt. ¶ 35-36.) Specifically, when a user seeks to access any of Movants' web stores, the user must first connect

---

[6] The district court decision, at page 4 thereof, made clear that "neither a cellular telephone nor a computer is claimed by the '832 Patent."

to the Internet via the user's personal computer or other web-enabled device by using an Internet browser; to accomplish this, a user must first connect to the user's Internet Service Provider ("ISP") through a Broadband, dial-up Internet, or Internet-based wireless connection. *Id.* at 37-38.

It is the ISP's servers that connect the user to the Internet, after which the first layer of each Movants' or vendors' servers, the "web servers," may be accessed. *Id.* at 38. The web servers route the user to the requested portion of the Movants' or vendors' second layer of servers, namely "application servers," to get to the desired web store. *Id.* at 39. Finally, the Movants' or vendors' application servers communicate with the requested portion of the Movants' or vendors' catalog databases, housed at a third database server layer of the computer architecture, for each desired web store. *Id.* at 40. A connection to Movants' computers can never be made by dialing Movants' computer servers directly. *Id.* at 41.

Accordingly, as there is no question of material fact that Movants' websites are accessible only over the Internet, and not via direct dial-up, Movants cannot infringe the '832 patent under any theory and are entitled to summary judgment.

## V. CONCLUSION: SUMMARY JUDGMENT FOR MOVANTS IS APPROPRIATE

Plaintiff is collaterally estopped by its earlier litigation against Overstock.com from advocating any different construction of the claim term "telephone terminal," or from presenting any new evidence of equivalents that could meet that claim limitation in this case. As a result, Plaintiff cannot establish patent infringement against Movants who do not practice the claim limitation "telephone terminal." Thus this Court should enter summary judgment in favor of Movants and against Plaintiff pursuant to Fed. R. Civ. P. 56.

Respectfully submitted,

Dated: October 23, 2009

/s/ Christopher J. Renk
Christopher J. Renk
Timothy C. Meece
Aseet Patel
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel. 312.463.5000

*Attorneys for Defendant,*
*NIKE, INC.*

/s/ Michael A. Grill
R. David Donoghue
Michael A. Grill
HOLLAND & KNIGHT LLP
131 S. Dearborn, 30th floor
Chicago, IL 60603
Tel. 312.263.3600

*Attorneys for Defendant,*
*BOSTON PROPER, INC.*

/s/ Scott J. Bornstein
Scott J. Bornstein
James J. DeCarlo
Julie P. Bookbinder
GREENBERG TRAURIG, LLP
Metlife Building
200 Park Avenue
New York, NY 10166
Tel. 212.801.9200

/s/ Eric J. Maiers
Eric J. Maiers
GREENBERG TRAURIG, LLP
77 W. Wacker Drive
Suite 2500
Chicago, IL 60601
Tel. 312.456.8400

*Attorneys for Defendants,*
*AÉROPOSTALE, INC., DICK'S SPORTING*

16


*GOODS, INC. AND LEVI STRAUSS & COMPANY*

/s/ Wab V. Kadaba
Wab V. Kadaba
Russell A. Korn
Tiffany L. Williams
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel. 404.815.6500

/s/ Robert E. Shapiro
Robert E. Shapiro
Sarah B. Waxman
BARACK, FERRAZZANO, KIRSCHBAUM & NAKELBERG LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
Tel. 312.984.3118

*Attorneys for Defendant,*
*THOMASVILLE FURNITURE INDUSTRIES, INC.*

/s/ Burton S. Ehrlich
Burton S. Ehrlich
John P. Luther
LADAS & PARRY LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
Tel. 312.427.1300

*Attorneys for Defendant,*
*HICKORY FARMS, INC.*