IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FURNACE BROOK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 09-cv-4310 |
| AÉROPOSTALE, INC., BOSTON | ) | Hon. Virginia M. Kendall |
| PROPER, INC., DICK'S SPORTING | ) | |
| GOODS, INC., HICKORY FARMS, INC., | ) | |
| LEVI STRAUSS & COMPANY, | ) | |
| NIKE, INC., and THOMASVILLE | ) | |
| FURNITURE INDUSTRIES, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Movants. | ) | |
| | ) | |

**MOVANTS' REPLY SUPPORTING
CROSS-MOTION FOR SUMMARY JUDGMENT**

The issue here is narrow.  For collateral estoppel to apply, Movants must simply show

that the Federal Circuit affirmed the district court's judgment of non-infringement in the prior

*Furnace Brook v. Overstock.com* case based on the accused on-line ordering system not meeting

the "telephone terminal" limitation of the asserted Claims 1-4 of the '832 patent.  If, as urged by

Movants and admitted by Plaintiff, Plaintiff is collaterally estopped from re-litigating the

questions of construction and infringement of the "telephone terminal" claim limitation, any new

argument as to the "selective communication link" claim term raised by Plaintiff here is simply

irrelevant.  A plain reading of the Federal Circuit's Overstock.com opinion clearly indicates that

the Federal Circuit's decision was based solely on non-infringement of the "telephone terminal"

limitation.  Movants do not practice the telephone terminal limitation as construed by the Federal

Circuit, either literally or under the doctrine of equivalents.  That ends the inquiry and this case.

The reality is that Plaintiff, by the instant lawsuit, is attempting to assert its traditional telephone-based patent against online Internet-based websites.  Plaintiff, however, has already litigated in a prior action whether online ordering websites accessible only via the Internet could be accessed by the claimed "telephone terminals."  Plaintiff lost that previous lawsuit, as it must lose here.  Plaintiff is collaterally estopped from arguing that asserted claims 1 through 4 of the '832 patent cover Movants' online ordering websites.  Accordingly, Movants' online ordering websites cannot infringe Claim 1 of the '832 patent and summary judgment of non-infringement should be granted in Movants' favor.

I.      **THE FEDERAL CIRCUIT CONSIDERED ONLY A SINGLE TERM, "TELEPHONE TERMINAL," FROM CLAIM 1 IN AFFIRMING THE DISTRICT COURT'S DECISION.**

At issue is whether the Federal Circuit, in affirming the district court's Overstock.com decision, based its affirmance on the construction and presence in the accused ordering website of the "telephone terminal" limitation, or whether the Federal Circuit based its decision on a wholly new claim term – "selective communication link"– that had never been briefed by the parties either at the district court or on appeal.  Furnace Brook has admitted that it actually litigated the claim construction and infringement issues relating to the "telephone terminal" limitation, (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 22.), and it is undisputed that those issues of claim construction and infringement in the present case are identical to the Overstock.com case.  Therefore, if this Court finds that the Federal Circuit's decision was premised on the construction and evidence relating to the "telephone terminal" limitation, collateral estoppel bars Furnace Brook from asserting a different construction of that term or putting forward any further evidence as to infringement.  Indeed,

> [t]he Federal Circuit has held that collateral estoppel applies to issues of claim construction.  Specifically, 'where a determination of the scope of the patent claims was made in a prior case, and the determination was essential to the

judgment there on the issue of infringement, there is collateral estoppel in a later
case on the scope of such claims.'

*Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410, 416 (D. Md. 2003), *aff'd*, No. 03-1463,

2004 WL 74620 (Fed. Cir. Jan. 15, 2004) (quoting *Pfaff v. Wells Electronics, Inc.,* 5 F.3d 514,

518 (Fed. Cir.1993)).  Since the Movants' websites operate in the same manner as the

Overstock.com websites with respect to the "telephone terminal" claim element, and since

Plaintiff does not challenge this fact in its Opposition to Movants' Summary Judgment Motion, a

judgment of non-infringement in favor of Movants is mandated.

Furnace Brook argues in its Opposition that, in attempting to establish their collateral

estoppel defense, Movants have merged the construction of two separate claim terms, "telephone

terminal" and "selective communication link."  This is untrue.  Rather, as is plainly evident from

the Federal Circuit's opinion in the Overstock.com case, the only claim term the Federal Circuit

analyzed in Claim 1 of the '832 patent was "telephone terminal."  As shown below, the

organization and the reasoning leading to the Federal Circuit's affirmance of non-infringement

clearly indicates as much.[1]

Despite the clarity of the Federal Circuit's opinion, Furnace Brook mistakenly argues that

the Federal Circuit construed "telephone terminal" to be a device for communicating over a

telephone network and separately construed "selective communication link" as a communication

link established over a telephone network by dialing the computer system directly.  Furnace

Brook's attempt to avoid collateral estoppel by fragmenting the Federal Circuit's construction of

a single term, "telephone terminal," into separate constructions for "telephone terminal" and

"selective communication link" should be seen as the red herring it is.

---

[1] The Federal Circuit's opinion in the Overstock.com case addressed Furnace Brook's infringement allegations
under Claims 1 and 5 of the '832 patent.  Because Furnace Brook is asserting only Claim 1 in the present litigation,
only the portion of the opinion addressing Claim 1 is relevant to the present dispute.

It is well settled that claim construction is a question of law reviewed *de novo*. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (*en banc*). Thus, under this standard of review, the Federal Circuit applies the principles of claim construction to arrive at the proper meaning of a claim term, most notably applying the tenet that the context of how the relevant claim term is used in the patent specification and the surrounding claim language is most instructive. *Kara Technology Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1347-48 (Fed. Cir. 2009).

The Federal Circuit's opinion begins with an analysis of the claim term "telephone terminal" in Claim 1 of the '832 patent. In the first paragraph of the opinion after stating its affirmance of the district court's decision, the Federal Circuit examined how the term "telephone terminal" was used in the '832 patent specification. The court explained that "[t]he specification states that the telephone terminal 'dial[s] a predetermined assigned telephone number'" and "[a]ccording to the specification, the act of making that telephone call 'connects the customer' to the catalog server." *Furnace Brook LLC v. Overstock.com, Inc*. 230 Fed. Appx. 984, 986 (Fed. Cir. 2007). Clearly, the portions of the specification quoted by the Federal Circuit relate directly to the "telephone terminal" limitation. By analyzing these portions of the specification, the court reasoned that "telephone communication, as discussed in the patent, requires more than just communication over a telephone line. It requires a dial-up connection to the catalog server at the other end of the connection." *Id.*

Next, the Federal Circuit considered the language of the claims to provide additional context for the meaning of "telephone terminal." *Id.* at 987. The court quoted relevant language of Claim 1 that surrounds "telephone terminal" – the ***only sentence in the entire opinion*** that mentions "selective communications link" – as further evidence in support of its construed

meaning of "telephone terminal." *Id.* In doing so, the Federal Circuit was following its own claim construction edict, namely that "the context in which a term is used in the asserted claim can be highly instructive." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005).

Furnace Brook argues that this lone statement in the Federal Circuit opinion is evidence that the Federal Circuit construed a wholly new term that was not briefed by either party and based its judgment of affirmance on the construction of that new term. This argument, however, is directly contradicted by the remaining portions of the opinion, and the fact that there was no alteration to the district court's judgment or a remand by the Federal Circuit. *See AFG Indus., Inc. v. Cardinal IG Co.,* 239 F.3d 1239, 1252 (Fed. Cir. 2001) (adopting a different claim construction, vacating the judgment of the court below, and remanding for further proceedings). In the very next sentence after that relied on by Furnace Brook, the court synthesized the information from the specification and the relevant claim language to reach the conclusion that a "telephone terminal" is a device that must establish a communication link "<u>over a telephone network by dialing the computer system directly</u>. Although a personal computer and a cellular telephone are capable of performing that function, <u>those devices</u> must actually be performing that function in order to be <u>'telephone terminals,'</u> as that term is used in the '832 patent." *Overstock.com,* 230 Fed. Appx. at 987 (emphasis added). Thus, the Federal Circuit found that a "telephone terminal" as described in the '832 patent must communicate over a traditional telephone connection and not over the Internet.

After construing the claim term, the Federal Circuit expressly affirmed the district court's decision that the "**<u>telephone terminal</u>**" limitation of Claim 1 of the '832 patent does "not read on the accused structures-personal computers and cellular telephones to the extent they access Overstock's website over the Internet." *Id.* at 986 (emphasis added). The court stated that "[t]he

record contains no evidence that the personal computers or cellular telephones of Overstock's customers place such a call when accessing Overstock's website over the Internet.  The district court was therefore correct to hold that **those devices** ["computers and cellular telephones"] fall outside of the literal scope of **the claim 1 limitation** ["telephone terminal"]."  *Id.* at 987 (emphasis added and notations added).

Notably, in reaching this conclusion, the Federal Circuit never once examined the '832 patent specification to determine how the terms "selective," "communication," or "link" were used.  Concluding, as Plaintiff does, that the Federal Circuit construed the claim limitation "selective communication link" without that sort of fundamental claim construction analysis is hard to imagine.  Rather, the following paragraph of the opinion addressed more evidence from the specification cited by Furnace Brook relating to the term "terminal."  The Federal Circuit rejected Furnace Brook's contention that this evidence indicates a broader disclosure because the claim term at issue was "telephone terminal, " not the unmodified "terminal." *Id.*  The court explained that the "modifier 'telephone' must add some limitation to the noun 'terminal' for the modifier to have any meaning," thus supporting the conclusion that a "telephone terminal" as used in the '832 patent describes a device communicating over a telephone network.  *Id.*

Finally, the Federal Circuit addressed the district court's grant of summary judgment of no infringement under the doctrine of equivalents as to the "telephone terminal" element.  The Federal Circuit concluded that the expert declarations and testimony submitted by Furnace Brook were insufficient even to create an issue of fact with respect to infringement under the doctrine of equivalents.  *Id.*

The record on collateral estoppel is clear.  Furnace Brook has admitted that:

- Furnace Brook was a party in the Overstock.com case. (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 13.)

- Furnace Brook actually litigated the issues of the construction of "telephone terminal," as well as whether that limitation was satisfied literally or under the doctrine of equivalents by Overstock.com's accused website accessible only over the Internet. (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 22.)

Further, Furnace Brook has put forward no evidence to refute the undisputed fact that Movants' accused online ordering websites are Internet-based systems that operate in like manner to the online ordering systems accused in *Overstock.com*.

There can be no question that the Federal Circuit's decision was premised on the "telephone terminal" limitation, making it necessary to the finding of non-infringement. *See Stumbo v. Eastman Outdoors, Inc.* 508 F.3d 1358, 1361 (Fed. Cir. 2007) (patent infringement analysis is a two-step process, where the first necessary step is the court's construction of the meaning and scope of the disputed terms or phrases in the asserted claims as a matter of law; the second necessary step is to compare the claim as construed to the allegedly infringing product or process).

As shown above, Furnace Brook's arguments have no merit, necessitating a finding that Furnace Brook is collaterally estopped from asserting that an Internet-based system can meet the "telephone terminal" claim limitation.  *See Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n*, 804 F.2d 390, 392 (7th Cir. 1986) (Collateral estoppel is appropriate when: 1) the party subject to the doctrine was a party in the earlier proceeding; 2) the issue was actually litigated and decided on the merits; 3) the resolution of the issue was necessary to the result; and 4) the issues are identical); *see also Hemphill*, 258 F. Supp. 2d at 416.  If the "telephone terminal" limitation is

absent from the accused websites, as the unrefuted evidence clearly shows, it does not matter whether Movants practice all other limitations of the claims.  Avoidance of one element ends the inquiry.  *See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005) (to sustain an allegation of patent infringement, the plaintiff must show that <u>each</u> claim limitation of the asserted claims are present in the accused product or process, either literally or equivalently).  Plaintiff's arguments with respect to the "selective communication link" claim element are simply irrelevant to the instant Motion.

## II.   MOVANTS ARE ENTITLED TO SUMMARY JUDGMENT OF NON-INFRINGEMENT.

### A.   Summary Judgment Of Non-Infringement Is Proper And Timely.

As a preliminary matter, contrary to Plaintiff's assertions, the question of non-infringement was properly addressed in Movants' cross-motion for summary judgment. Non-infringement as a consequence of collateral estoppel was argued expressly in the memorandum of law supporting the motion to dismiss filed by Defendants Aéropostale, Inc., Dick's Sporting Goods, Inc., and Levi Strauss & Co.  (Dkt. No. 100, pp. 3-7.)  The Court granted Defendants' request to convert this motion to a cross-motion for summary judgment.  (Dkt. No. 102.)  Therefore, there was no misrepresentation by Movants regarding the issues on which summary judgment was sought.

Moreover, without a motion for summary judgment of non-infringement, this Court's early adjudication on the question of collateral estoppel becomes nothing more than an advisory opinion.  Thus, the issue of non-infringement as a matter of law was properly presented by Movants in its cross-motion.

**B.** **Plaintiff's Declaration That "Selective Communication Link" Is Infringed Under Doctrine Of Equivalents Is Wholly Irrelevant And Should Be Given No Weight.**

Furnace Brook's desperate attempt to salvage its case by raising a new argument under the doctrine of equivalents for a different claim element should be denied. If the Court determines that the Federal Circuit based its affirmance in the Overstock.com case on the "telephone terminal" limitation as explained above, Furnace Brook has admitted that it actually litigated both literal infringement and infringement under the doctrine of equivalents in the previous case, and collateral estoppel bars it from asserting those identical theories in this case. (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 22.) Thus, the declaration from Furnace Brook's expert, Dr. Stevenson, and Furnace Brook's tangled web of arguments on the issue of equivalents under the "selective communication link" element, are wholly irrelevant. Because Furnace Brook is estopped from asserting infringement of the "telephone terminal" element both literally and under the doctrine of equivalents, and Movants do not practice this claim limitation, there is no legal basis for examining any other claim elements.

**C.** **Furnace Brook Has Not Refuted Movants' Undisputed Evidence That They Do Not Infringe the '832 Patent.**

Furnace Brook actually litigated the issue of the scope of Claim 1 under the doctrine of equivalents in the *Overstock.com* case to try and cover Internet activity, and the district court rejected those arguments. Furnace Brook does not dispute this. (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 22.) In the *Overstock.com* case, Furnace Brook conceded that it could not prove literal infringement under the "telephone terminal" limitation and restricted its argument to the doctrine of equivalents. (Plaintiff's Response to Defendants' L.R. 56.1 ¶ 23.) The district court denied Furnace Brook's arguments and granted summary judgment of no infringement under the doctrine of equivalents because the applicants of the '832 patent

disavowed such a broad claim scope during prosecution.  (Plaintiff's Response to Defendants'

L.R. 56.1 ¶ 17.)  The only difference in the present case is that Furnace Brook now purports to

argue equivalents under the "selective communication link" claim limitation.  As described

above, that is of no consequence.

Plaintiff has failed to raise any genuine issue of material fact as to whether Movants

practice the telephone terminal limitation literally or under the doctrine of equivalents.  Just as

Overstock.com's accused system was found not to practice the telephone terminal claim

limitation because it is accessible only over the Internet, Movants' accused systems also do not

infringe the '832 patent.  Plaintiff has put forward no evidence to refute Movants' declarations

showing that all accused systems are accessible only over the Internet.  As these facts are

undisputed, summary judgment of non-infringement in Movants' favor is appropriate.

## III.    CONCLUSION

Plaintiff is collaterally estopped due to its earlier litigation against Overstock.com from

asserting any new claim construction of the "telephone terminal" claim element.  As such, the

evidence is undisputed that Movants accused websites are not accessed by "telephone terminals"

as that term must be construed.  Thus, Plaintiff has no legal basis or contrary evidence by which

to prove its infringement theories, whether literally or under the doctrine of equivalents.

Movants respectfully request that this Court grant summary judgment of non-infringement in

favor of Movants and against Plaintiff pursuant to Fed. R. Civ. P. 56.

Respectfully submitted,

Dated: November 20, 2009

/s/ Christopher J. Renk
Christopher J. Renk
Timothy C. Meece
Aseet Patel
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Ste. 3000
Chicago, IL 60606
Tel. 312.463.5000

*Attorneys for Defendant,*
*NIKE, INC.*

/s/ R. David Donoghue
R. David Donoghue
Michael A. Grill
HOLLAND & KNIGHT LLP
131 S. Dearborn, 30th floor
Chicago, IL 60603
Tel. 312.263.3600

*Attorneys for Defendant,*
*BOSTON PROPER, INC.*

/s/ Scott J. Bornstein
Scott J. Bornstein
James J. DeCarlo
Julie P. Bookbinder
GREENBERG TRAURIG, LLP
Metlife Building
200 Park Avenue
New York , NY 10166
Tel. 212.801.9200

Eric J. Maiers
GREENBERG TRAURIG, LLP
77 W. Wacker Drive
Suite 2500
Chicago , IL 60601
Tel. 312.456.8400

*Attorneys for Defendants,*
*AÉROPOSTALE, INC., DICK'S SPORTING*
*GOODS, INC. AND LEVI STRAUSS & COMPANY*

/s/ Wab V. Kadaba
Wab V. Kadaba
Russell A. Korn
Tiffany L. Williams
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Tel. 404.815.6500

Robert E. Shapiro
Sarah B. Waxman
BARACK, FERRAZZANO, KIRSCHBAUM &
NAKELBERG LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
Tel. 312.984.3118

*Attorneys for Defendant,*
*THOMASVILLE FURNITURE INDUSTRIES, INC.*


/s/ Burton S. Ehrlich
Burton S. Ehrlich
John P. Luther
LADAS & PARRY LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
Tel. 312.427.1300

*Attorneys for Defendant,*
*HICKORY FARMS, INC.*