IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FURNACE BROOK LLC, | ) | |
|  | ) | |
| Plaintiff, | ) | Case No. 09 C 4310 |
| v. | ) | |
|  | ) | Judge Virginia M. Kendall |
| AEROPOSTALE, INC.; BOSTON PROPER, | ) | |
| INC.; DICK'S SPORTING GOODS, INC.; | ) | |
| HICKORY FARMS, INC.; LEVI STRAUSS & | ) | |
| COMPANY; NIKE, INC.; and THOMASVILLE | ) | |
| FURNITURE INDUSTRIES, INC., | ) | |
|  | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Furnace Brook LLC ("Furnace Brook") sued Defendants Aeropostale, Inc., Boston Proper, Inc., Dick's Sporting Goods, Inc., FOXSTORE.COM, GameStop Corp., Green Mountain Coffee Roaster, Inc., Hallmark Cards Inc., Hickory Farms, Inc., Home Depot Inc., Levi Strauss & Company, Mrs. Fields' Original Cookies, Inc., Nike, Inc., and Thomasville Furniture Industries, Inc. alleging infringement of United States Patent No. 5,721,832 ("the '832 patent"). Furnace Brook voluntarily dismissed several defendants from the suit, leaving only Defendants Aeropostale, Inc., Boston Proper, Inc., Dick's Sporting Goods, Inc., Hickory Farms, Inc., Levi Strauss & Company, NIKE, Inc., and Thomasville Furniture Industries, Inc. (collectively "the Defendants"). The remaining parties cross-moved for summary judgment on the issue of whether the doctrine of collateral estoppel bars Furnace Brook's claim of infringement. For the reasons set forth below, the Court grants the Defendants' Motion for Summary Judgment and denies Furnace Brook's Motion for Summary Judgment.

**STATEMENT OF UNDISPUTED FACTS**[1]

Furnace Brook is the owner by assignment of the '832 patent, entitled *Method and Apparatus for an Interactive Computerized Catalog System*. (R. 1, Compl. ¶ 19.) The '832 patent claims a "method and apparatus for an interactive, computerized electronic catalog system." ('832 patent, col. 10-11, 54-67, 1-16.) Furnace Brook alleges that Defendants' online ordering websites infringe claims 1-4 of the '832 patent. (Pl. 56.1 Resp. ¶ 12.)[2]

Claims 1-4 of the '832 patent each include the limitation "telephone terminal." (Pl. 56.1 Resp. ¶ 13.) Claim 1 states (with emphasis added):

> 1. An improved interactive computerized catalog process comprising the steps of:
>
> storing digitized graphic catalog data in a selectively addressable computer system memory,
>
> generating a menu of catalog products and services comprising catalog data available for selective viewing at any user's telephone associated terminal screen,
>
> establishing a selective communication link initiated by a user between said user's *telephone terminal* and said computer system,
>
> transmitting said menu of catalog products and services data to a user's *telephone terminal* in response to a user's initial request,
>
> transmitting from said computer system such catalog data which corresponds to said user's product and services request signal,
>
> requesting user authorization to include data regarding an order transaction in a customer profile marketing data file,

---

[1]Throughout this opinion, the Court refers to the Parties' Local Rule 56.1 Statements of Undisputed Material Facts as follows: Furnace Brook's Response to Defendants' Statement of Material Facts in support of its Motion for Summary Judgment has been abbreviated to "Pl. 56.1 Resp. ¶ __." Defendants' Response to Furnace Brook's Statement of Material Facts in support of its Motion for Summary Judgment has been abbreviated to "Def. 56.1 Resp. ¶ __."

[2]Plaintiff is not asserting claims 5-10 of the '832 patent against Defendants in this case. (Pl. 56.1 Resp. ¶ 12.)

> initiating an order processing sequence, including a user initiated financial payment authorization process, to permit a user to enter from a user *telephone terminal* an order to be processed and delivered in response to said user's order, and
>
> enabling a user when placing an order to selectively elect to be included in or to be excluded from said customer profile marketing data file created as part of a completed catalog product or services order transaction.

(Pl. 56.1 Resp. ¶ 13.) (emphasis added)

All user traffic for Defendants' catalog servers must arrive at one of the Defendants' web servers or a web server operated by a vendor for one of the Defendants via the Internet. (Pl. 56.1 Resp. ¶ 36.) To accomplish this, a user using an Internet browser must first connect to the user's Internet Service Provider ("ISP") through a Broadband, dial-up Internet, or Internet-based wireless connection. (Pl. 56.1 Resp. ¶ 37.) It is the ISP's servers that connect the user to the Internet, after which the first layer of each of the Defendants' or vendors' servers ("web servers") may be accessed. (Pl. 56.1 Resp. ¶ 38.) The web servers route the user to the requested portion of the Defendants' or vendors' second layer of servers ("application servers") to access the desired web store. (Pl. 56.1 Resp. ¶ 39.) Finally, the Defendants' or vendors' application servers communicate with the requested portion of the Defendants' or vendors' catalog databases housed at a second or third database server layer of the computer architecture for each desired web store. (Pl. 56.1 Resp. ¶ 40.)

Furnace Brook previously alleged infringement of claims 1-4 of the '832 patent, both literally and under the doctrine of equivalents, against a different company, Overstock.com, Inc., in the United States District Court for the Southern District of New York. (Pl. 56.1 Resp. ¶ 13.) Following a *Markman* hearing, the district court in that case construed the term "telephone terminal" in claims 1-4 as "standard telephone landline unit, which has a standard commercial handset, a touchtone pad, a display unit and an audio unit, which may have a cordless handset." (Pl. 56.1 Resp. ¶ 14.) The

court stated that "neither a cellular telephone nor a computer on the user end is claimed by the '832 Patent." (Pl. 56.1 Resp. ¶ 14.)

Overstock.com moved for summary judgment of non-infringement based upon the absence in its accused websites of the "telephone terminal" limitation in claims 1-4. (Pl. 56.1 Resp. ¶ 15; Def. 56.1 Resp. ¶ 1.) Because the district court's construction excluded computers and cellular telephones, and because Overstock's websites could only be accessed by computers or cellular phones, Furnace Brook conceded that there was no literal infringement. (Pl. 56.1 Resp. ¶¶ 16, 23.). The district court therefore granted summary judgment of no literal infringement of claim 1-4 based on the absence of the "telephone terminal" limitation in the accused websites. (Pl. 56.1 Resp. ¶ 16; Def. 56.1 Resp. ¶¶ 2, 3.)

The district court also granted summary judgment of non-infringement under the doctrine of equivalents for claims 1-4. (Pl. 56.1 Resp. ¶ 17.) Furnace Brook argued and presented evidence to the district court that a computer and a cellular telephone are equivalent to a telephone terminal as the district court had construed that term. (Pl. 56.1 ¶¶ 24, 25.) Nevertheless, the district court concluded that the "doctrine of prosecution history estoppel" barred Furnace Brook "from claiming that computer access on the customer end is also encompassed by the '832 patent, because its inventors specifically disavowed such a construction during the prosecution of the patent." (Pl. 56.1 Resp. ¶ 17.) Thus, the court held that neither a personal computer nor a cellular phone satisfies the claim limitation of "telephone terminal" either literally or under the doctrine of equivalents. (Pl. 56.1 Resp. ¶¶ 26-28, 33; Def. 56.1 Resp. ¶ 2.) Furnace Brook was fully represented in the proceedings before the district court. (Pl. 56.1 Resp. ¶ 31.)

The Federal Circuit affirmed the district court's judgment of non-infringement in *Furnace Brook LLC v. Overstock.com, Inc.*, 230 Fed. App'x 984 (Fed. Cir. 2007) (unpublished) [hereinafter *Overstock.com*]. (Pl. 56.1 Resp. ¶¶ 18-19.) Specifically, the court stated:

> The District Court held that the "telephone terminal" and "customer terminal means" limitations of claims 1 and 5 of the asserted patent *U.S. Patent No. 5,721,832 (the '832 patent)*, do not read on the accused structures—personal computers and cellular telephones to the extent they access Overstock's website over the Internet. We *affirm*.

*Overstock.com*, 230 Fed. App'x at 986 (emphasis in original) (Pl. 56.1 Resp. ¶ 19.) In reaching its conclusion as to the doctrine of equivalents, the court specifically pointed to expert evidence submitted by Furnace Brook in the district court proceedings on the question of equivalents of a "telephone terminal." (Pl. 56.1 Resp. ¶ 29.) Furnace Brook was also fully represented in the proceedings before the Federal Circuit. (Pl. 56.1 Resp. ¶ 31.)

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). When determining if a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court, however, will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true

for purposes of summary judgment. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'"). On cross-motions for summary judgment, each movant must satisfy the requirements of Federal Rule of Civil Procedure 56. *See Cont'l Cos. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005).

## DISCUSSION

The parties cross-move for summary judgment on the sole issue of whether the Federal Circuit's decision in *Overstock.com*—which involved a defendant with a similar online ordering website—bars Furnace Brook from attempting to enforce the '832 patent against the Defendants' online ordering websites. Collateral estoppel, or issue preclusion, "prevents a party from relitigating issues that have already been litigated and decided." *Aaron v. Mahl*, 550 F.3d 659, 665 n.5 (7th Cir. 2008).[3] For a ruling to have collateral estoppel effect, the party asserting estoppel must meet the following four elements: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*,

---

[3] The Federal Circuit analyzes collateral estoppel under the law of the regional circuit. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, — F.3d —, No. 2009-1556, 2010 WL 3257312, at * 12 (Fed. Cir. Aug. 18, 2010).

914 F.2d 900, 905-906 (7th Cir. 1990). Because collateral estoppel is an affirmative defense, the Defendants bear the burden of proving that it exists. *See id*. 906.

The parties agree that if the district court's decision was the final decision in *Overstock.com*, collateral estoppel would apply here to bar Furnace Brook's infringement claim against the Defendants. (*See* Pl. 56.1 Resp. ¶¶ 21-22, 26-28, 30-34.) Specifically, the parties agree that the issue in both cases is whether the accused online ordering systems meet the "telephone terminal" limitation in claim 1, either literally or under the doctrine of equivalents. (Pl. 56.1 Resp. ¶ 26.). They agree that Furnace Brook "actually litigated" the construction of "telephone terminal" as well as whether that limitation was satisfied either literally or under the doctrine of equivalents. (Pl. 56.1 Resp. ¶ 22.) They agree that the district court's construction of "telephone terminal" and that its determination that the accused online ordering system did not satisfy the claim limitation either literally or under the doctrine of equivalents was essential to its decision. (Pl. 56.1 Resp. ¶¶ 32-33.) Finally, they agree that Furnace Brook was fully represented in the proceedings before the district court. (Pl. 56.1 Resp. ¶ 31.)

The parties also agree that in *Furnace Brook LLC v. Overstock.com, Inc.*, 230 Fed. App'x 984 (Fed. Cir. 2007) (unpublished), the Federal Circuit affirmed the district court's decision that Overstock's online ordering websites did not infringe the '832 patent either literally or under the doctrine of equivalents. (Pl. 56.1 Resp. ¶ 19.) They disagree, however, about the basis for the Federal Circuit's affirmance. The Defendants argue that the Federal Circuit affirmed the district court's judgment of non-infringement because the accused online ordering system did not meet the "telephone terminal" limitation in claims 1-4 of the '832 patent. In contrast, Furnace Brook contends that the Federal Circuit disagreed with the district court's construction of "telephone terminal" and

7

relied instead on its construction of an entirely new claim term, the "selective communication link" limitation in claim 1—a term that Furnace Brook asserts it did not have an opportunity to "actually litigate." Thus, Furnace Brook argues, collateral estoppel should not bar its infringement claim here. In support of its argument, Furnace Brook points to the Federal Circuit's statement that it "agree[d] with Furnace Brook insofar as it suggests that a 'telephone terminal' refers to a device for communicating over a telephone network: a cellular telephone and a personal computer are capable of such communication, and to the extent that they are used to do so, either device can constitute a 'telephone terminal." *Overstock.com*, 230 Fed. App'x at 986. It also cites the court's analysis of the claim 1 limitation "selective communication link." *Id*. at 987.

Furnace Brook misreads *Overstock.com*. While the Federal Circuit statedyes that "a 'telephone terminal' refers to a device for communicating over a telephone network: a cellular telephone and a personal computer are capable of such communication, and to the extent that they are used to do so, either device can constitute a 'telephone terminal,'" it went on to conclude that "telephone communication, as discussed in the patent, requires more than just communication over a telephone line." *Id*. at 986. The court looked to the specification and another limitation in claim 1—the establishment of a "selective communication link initiated by a user between said user's telephone terminal and said computer system"—for context, and held that although a personal computer and cellular telephone are *capable* of performing that function, the devices must actually perform the function to be "telephone terminals" as used in the '832 patent. *Id*. at 987; *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc) (a person of ordinary skill in the art reads the claim term both in the context of the particular claim in which it appears and in the context of the entire patent, including the specification). Finding no evidence that the personal computers

or cellular telephones of Overstock's customers place such a call when accessing Overstock's website over the Internet, the Court concluded that those devices fall outside the literal scope of claim 1. *Overstock.com*, 230 Fed. App'x at 987. As discussed above, the Federal Circuit also held that Furnace Brook failed to introduce evidence sufficient to create a genuine issue of material fact as to whether personal computers or cellular telephones, when used to access the Internet, are captured by the doctrine of equivalents. *Id*. Specifically, the court concluded that Furnace Brook's expert, Dr. Stevenson, failed to "explain why accessing a computer server over the Internet is equivalent to dialing a computer server over a telephone network." *Id*. Thus, in affirming the district court's judgment of non-infringement, the Federal Circuit based its conclusion on its construction of the "telephone terminal" limitation and whether Overstock's online ordering system met that limitation. *Id*.

Because the Court holds that the Federal Circuit's finding of non-infringement in *Overstock.com* was based on its construction of the term "telephone terminal," not "selective communication link," the Court need not reach the issue of whether the construction of "selective communication link" was actually litigated. Furnace Brook admits that the limitation "telephone terminal" was actually litigated before the Federal Circuit, (Pl. 56.1 Resp. ¶ 34.), and the Court has found that the Federal Circuit's construction of "telephone terminal" and its determination that the accused online ordering system did not satisfy that claim limitation either literally or under the doctrine of equivalents was essential to its decision. Finally, Furnace Brook does not suggest that the online ordering websites in this case are materially different from the websites at issue in *Overstock.com*. Thus, because Furnace Brook has already litigated in a prior action the issue of whether online ordering websites accessible only via the Internet could be accessed by the claimed

9

"telephone terminal[s]," it is barred from asserting in this case a different claim construction of "telephone terminal" or providing further evidence of infringement. *See Pfaff v. Wells Electronics, Inc.*, 5 F.3d 514, 518 (Fed. Cir. 1993) ("[W]here a determination of the scope of patent claims was made in a prior case, and the determination was essential to the judgment there on the issue of infringement, there is collateral estoppel in a later case on the scope of such claims.") (quotation omitted).[4] Accordingly, the Court grants the Defendants' Motion for Summary Judgment and denies Furnace Brook's Motion for Summary Judgment.

## CONCLUSION AND ORDER

For the reasons stated above, the Court grants the Defendants' Motion for Summary Judgment and denies Furnace Brook's Motion for Summary Judgment.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 29, 2010

---

[4] Furnace Brook's argument that applying the collateral estoppel doctrine in this case would lead to an unjust result is based on its claim that it did not have an opportunity to litigate the "selective communication link" limitation in claim 1. The Court, however, has already concluded that the Federal Circuit's decision in *Overstock.com* was based on its agreement with the district court as to the "telephone terminal" limitation, not the "selective communication link" limitation. For that reason, Furnace Brook's "unjust result" argument fails as well.